```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF MISSISSIPPI
                        DELTA DIVISION

STEVE FLOWERS,                    )
                                  )
            Plaintiff,            )
                                  )
vs.                               )      Case No. 2:09-cv-00020-DAS
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )
```

## ORDER OF REVERSAL AND REMAND

On motion of Michael J. Astrue, Commissioner of the Social Security Administration, Defendant in the above cause and pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court hereby reverses the Commissioner's decision and remands Plaintiff's claim for further development of the record and the issuance of a new decision.

The ALJ did not discuss the listing for mental retardation, found at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C), which states that a claimant will be found disabled if he has deficits in adaptive functioning initially manifested prior to age 22, intelligence scores are between 60 and 70, and the claimant has "a physical or other mental impairment imposing additional and significant work-related limitation of function." Id.; Randall

v. Astrue, 570 F.3d 651, 659-60 (5th Cir. 2009).  See also Audler v. Astrue, 501 F.3d 446 (5th Cir. 2007) (ALJ's failure to cite specific listing sections places the Commissioner's decision beyond meaningful judicial review).  Plaintiff underwent intelligence testing in 1991 which yielded an IQ score of 69, but it is unclear whether Plaintiff has the deficits in adaptive functioning characteristic of mental retardation under the listing, especially considering his past semi-skilled work history (Tr. 54, 138).

On remand, the Appeals Council will remand Plaintiff's case to an ALJ.  The ALJ will be directed to order a consultative psychological examination with appropriate IQ testing and further evaluate Plaintiff under the applicable Listing.  The ALJ will consider Plaintiff's life-long adaptive functioning, as well as request medical expert and vocational expert testimony if necessary.

The clerk of the court will enter a separate judgment pursuant to Rule 58 of the *Federal Rules of Civil Procedure*.

SO ORDERED this the 12th day of November, 2009.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE